FILED
MAY 18 2021
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MELANIE MASON AND DOLORES MASON | § § § |
| Plaintiffs, | § SA21CA0368XR § Civil Action No. _____ |
| v. | § § |
| HELPING OUR SENIORS, LLC | § § |
| Defendant. | § § § |

## PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT AND JURY DEMAND

For their First Amended Original Complaint against Defendant Helping Our Seniors, LLC Plaintiffs Melanie Mason and Dolores Mason show the following:

### Introduction

1. This is an action for retaliatory discharge under Title VII of the Civil Rights Act of 1964. Plaintiffs Melanie Mason and Dolores Mason were formerly employed by Defendant Helping Our Seniors, LLC. in San Antonio, Texas Defendant discharged Plaintiff Melanie Mason because she had contacted the EEOC regarding sexual harassment perpetrated by one of the owner of Defendant. Defendant discharged Dolores Mason—who is the mother of Plaintiff Melanie Mason—because of her association with Plaintiff Melanie Mason. Plaintiffs now bring this action for damages.

1

3. Plaintiff Dolores Mason is an individual residing at 7771 Joe Newton St. Apt.306, San Antonio, Texas 78251. She may be served with papers in this case through the undersigned counsel.

4. Defendant Helping Our Seniors is a limited liability company organized under the laws of the State of Texas. It maintains its principal place of business at 13774 George Rd., San Antonio, TX 78231. It may be served with process through its legal counsel, Ryan Reed. 2161 N.W. Military Hwy, Suite 400, San Antonio, Texas 78213.

## Jurisdiction and Venue

5. The Court possesses subject matter jurisdiction over this case under 28 U.S.C. Section 1331 because Plaintiff brings a claim under Title VII of the Civil Rights Act of 1964. The Court possesses personal jurisdiction over Defendant because Defendant is registered to do business in Texas and because Defendant maintains business offices in Texas and constantly does business in this State. Venue is proper in the Western District of Texas because all of the acts and omissions giving rise to Plaintiff's claims occurred within the District.

## Causes of Action: Retaliatory Discharge under Title VII

6. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 5 supra.

7. Defendant is in the business of providing in-home caregiving services to senior citizens in the San Antonio Metropolitan Area. At all times relevant to this lawsuit, Defendant was an "employer" within the meaning of Title VII. Defendant employed 15 or more employees in each of twenty or more calendar weeks in both 2018 (the year Plaintiffs were discharged) and the prior year, 2017. Although Defendant has contended that it did not employ the requisite number of employees, Defendant employed numerous caregivers that it misclassified as "independent contractors." The caregivers, many of whom were long-time workers that provided services

exclusively to Defendant, were all low-wage earners paid by the hour (and not by the job or task). In fact, unlike a referral service, Defendant paid the caregivers directly. Additionally, the caregivers were supervised by Defendant's staff, were disciplined for performance and conduct issues, were subject to drug and alcohol testing, were required to work hours set by Defendant in conjunction with the clients, underwent initial and annual training conducted by Defendant, had to follow Defendant's specific work rules, were required to prepare daily activity logs, and were reimbursed for expenses. Additionally, these caregivers provided services that were integral, and not ancillary, to Defendant's business; they had no investment of capital; and they had no opportunity for profit and loss. They were just ordinary workers toiling for an hourly wage under Defendant's supervision and subject to Defendant's work rules and policies.

Likewise, Plaintiffs were, by Defendant's own admission, direct employees of Defendant. In fact, they received a form W-2 in each year relevant to this lawsuit. Plaintiff Melanie Mason worked as an office assistant, and Plaintiff Dolores Mason was employed as a caregiver coordinator.

On or about April 6, 2018, Plaintiff Melanie Mason complained to Defendant's owner that Defendant's owner's husband, who also works in the business, had engaged in sexual harassing behavior. By doing so, Plaintiff Melanie Mason engaged in protected activity under Title VII by opposing unlawful sexual harassment in the workplace. On the following day, Plaintiff Melanie Mason and Plaintiff Dolores resolved to contact the EEOC to inquire about making a complaint of sexual harassment. Plaintiff Melanie Mason in fact contacted the EEOC by phone in the presence of Plaintiff Dolores Mason in order to obtain information about filing a charge of discrimination. By doing so, Plaintiff Melanie Mason again engaged in protected activity under Title VII. Plaintiff Melanie Mason's contact with the EEOC was reported to Defendant's owner, either by a co-worker

or by Defendant's owner's husband, who was present in the office at the time that Plaintiff Melanie Mason contacted the EEOC.

8. Shortly thereafter, Defendant's owner met with both Plaintiffs and discharged them from employment. During this meeting, Defendant's owner specifically stated that Plaintiffs were being discharged from employment because Plaintiff Melanie Mason had contacted the "Labor Board," an apparent reference to Plaintiff Melanie Mason's contact with the EEOC. By discharging Plaintiff Melanie Mason for this reason, Defendant violated the anti-retaliation provisions of Title VII. Likewise, Defendant was prohibited from retaliating against Plaintiff Dolores Mason because of her daughter's protected activity. Under Supreme Court precedent, Plaintiff Dolores Mason is an aggrieved person within the zone of interests protected by Title VII.

As a resultant of this illegal conduct, Plaintiffs have suffered lost wages, emotional distress, mental anguish, humiliation, embarrassment, and loss of enjoyment of life. Plaintiffs now sue for these damages. Moreover, in discharging Plaintiffs from employment under these circumstances, Defendant acted with malice, or at least with reckless indifference towards Plaintiffs' legally-protected rights. Indeed, during the termination meeting, Plaintiff Melanie Mason explained to Defendant's owner that the law prohibits an employer from discharging an employee for making a complaint with the EEOC. Defendant's owner's callous response was that Plaintiffs were employed at will and could be discharged for any reason. Consequently, Plaintiffs are entitled to an award of punitive damages. And because Plaintiffs have been forced to retain the undersigned counsel to bring suit to vindicate their rights under Title VII, Plaintiffs also are entitled to an award of attorney fees.

### Exhaustion of Administrative Prerequisites

9. Plaintiffs timely filed charges of discrimination with the EEOC on April 9, 2018, which was within 300 days of the date they were discharged from employment. On March 1, 2021, the EEOC issued Plaintiffs right to sue letters. Plaintiffs now file this lawsuit within 90 days of the date they received their right to sue letters.

### Jury Trial

10. Plaintiffs request a trial by jury.

### Prayer

11. Plaintiffs pray that, upon final judgment, they be awarded the following:

   a. Lost wages and benefits;

   b. Compensatory damages for emotional distress, mental anguish, humiliation;

   c. Punitive and exemplary damages;

   d. Attorney Fees;

   e. Costs of court; and

   f. All other relief to which Plaintiffs are entitled.

Respectfully submitted,

/s/ MICHAEL V. GALO, JR.
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
ATTORNEY FOR PLAINTIFFS
MELANIE MASON & DOLORES MASON