IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MELANIE MASON, DOLORES §
MASON, §
§          SA-21-CV-00368-ESC
*Plaintiffs,* §
§
vs. §
§
HELPING OUR SENIORS, LLC, §
§
*Defendant.* §

## <u>ORDER</u>

The record reflects that, following a bench trial, this Court entered its Findings of Fact and Conclusions of Law on October 13, 2022, concluding that Defendant Helping Our Seniors, LLC, is liable to Plaintiffs Melanie Mason and Dolores Mason for retaliatory discharge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).   The Court found that Plaintiff Dolores Mason is entitled to lost wages in the amount of $51,802.00, emotional distress damages in the amount of $10,000.00, and punitive damages in the amount of $5,000.00.   The Court found that Melanie Mason is entitled to lost wages in the amount of $2,080.00, emotional distress damages in the amount of $10,000.00, and punitive damages in the amount of $5,000.00.

Plaintiffs filed their Motion for Entry of Judgment [#46] as directed by the Court on October 24, 2022, seeking judgment for these amounts, plus post-judgment interest at the rate of 4.15 percent per annum.   Plaintiffs filed their Bill of Costs [#48] on October 26, 2022, as well, requesting costs in the amount of $2,709.95.   Plaintiffs have indicated their intent to separately file a motion for attorney's fees following entry of final judgment.

1

Although Plaintiffs filed their motion as opposed, Plaintiffs subsequently filed an Advisory [#47] on October 26, 2022, indicating Defendant is unopposed to the form of the final judgment.  Plaintiffs' proposed final judgment contained an award of costs in the amount of $2,709.95, consistent with Plaintiffs' bill of costs.  Under the Court's Local Rules, the losing party has 21 days to file a motion opposing the prevailing party's proposed bill of costs.  *See* W.D. Tex. Loc. R. CV-54(a).  But here, the Court construes the parties' advisory as indicating not only a lack of opposition by Defendant to Plaintiffs' proposed judgment, but also that Defendant does not oppose Plaintiffs' bill of costs.

Given the lack of opposition to the proposed final judgment, the Court will grant Plaintiffs' motion and enter a separate final judgment consistent with Plaintiffs' proposed judgment.

**IT IS THEREFORE ORDERED** that Plaintiffs' Opposed Motion for Entry of Judgment [#46] is **GRANTED**.

SIGNED this 31st day of October, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE