IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELANIE MASON AND DOLORES MASON, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 5:21-cv-00368 |
| HELPING OUR SENIORS, LLC, | § § § | |
| Defendant. | § | |

## PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

Plaintiffs Melanie Mason and Dolores Mason file this Opposed/Unopposed Motion for Attorney Fees and show the following:

### Introduction

On October 13, 2022, the Court issued its Findings of Fact and Conclusions of Law finding Defendant Helping Our Seniors, LLC liable for discharging Plaintiffs Melanie and Dolores Mason in violation of Title VII of the Civil Rights Act of 1964 and that Defendant Helping Our Seniors, LLC is liable to Plaintiffs for damages. The Court also found that Plaintiffs are entitled to an award of attorney fees. Accordingly, Plaintiff now file this motion seeking compensation for reasonable attorney fees as shown below.

Plaintiffs' counsel kept contemporaneous time records for all activities performed in the representation of Plaintiffs in this matter. Following the entry of the Court's Findings of Fact and Conclusions of Law, the undersigned reviewed the time records to identify any entries that were

duplicative, excessive, related to non-billable administrative tasks, or otherwise inappropriate under applicable case law. During this exercise of "billing judgment," several entries were excluded altogether and several other reduced. After deductions based on this exercise of billing judgment, the total attorney fees come to $39,249.17 and the costs of court equal $2709.95. (A unopposed Bill of Costs has been filed as Docket Entry No. 48). The revised time records were then sent to Defendant's counsel, in completely unredacted form, for his review and comments on October 20, 2022. To date, Defendant's counsel has not indicated whether Defendant has any objections to

## Attorney Fees

The Court must use a lodestar method to calculate the appropriate fee award. This involves multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work. After calculating the lodestar, the Court may then decrease or enhance the award based on the twelve factors set forth in *Johnston v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). In this case the Plaintiffs seek only the lodestar amount, and do not request an enhancement under *Johnson.*

After deducting some time based on the exercise of billing judgment, the undersigned incurred a total of 120.77 hours working on this case from inception through the filing of the Motion for Attorney Fees. Attached as Exhibit 1 is a fee statement with each time entry describing the work performed. The undersigned represents that the hours worked were both reasonable and necessary and that all time worked that may arguably have been duplicative, excessive, or unnecessary has been deleted. Michael Galo Declaration, paras. 2 & 3, Ex. 2.

With respect to the setting of appropriate hourly rates, Plaintiffs contend that the undersigned time should be compensated at the rate of $325.00 per hour. The undersigned has

been licensed for almost 28 years (November 1994). Since completing a federal judicial clerkship, the undersigned has devoted his practice to both traditional labor law and employment, first at a big law firm, and since 2005, on his own. He has been board certified in labor and employment law since 1999. Galo Decl. para. 1, Ex. 2.

This Court along with other courts in the San Antonio Division have held that the going rate for an experienced labor and employment practitioner is $325.00 per hour, *see e.g., West* Dkt. 12, pgs. 7-8; *Furlow v. Bullzeye Oildfield Servs., LLC*, 2019 WL 1313470 (W.D. Tex. Jan. 3, 2019), although this rate may now be on the low side given skyrocketing inflation of law firm operating costs. In addition to cases such as this one where his clients are represented on a contingent-fee basis, the undersigned does a lot of work for businesses, both large and small, on an hourly basis. The undersigned typically charges and is paid between $300.00 and $350.00 per hour. (a few longstanding, high volume clients are still charged $300.00 per hour, but most are charged $350.00). *See* Galo Decl. paras. 1 & 2, Ex. 2. Accordingly, Plaintiffs' request that the Court set Michael Galo's hourly rate at $325.00.

Based on the lodestar method, Plaintiffs request that the Court award a total of $39,249.17 as reasonable and necessary attorney fees. In the undersigned's opinion, this is eminently reasonable given the work performed and the recovery. *See* Galo Decl., para. 3, Ex. 2.

## Conclusion and Prayer

Plaintiffs pray the Court award them $39,249.17 in attorney fees.

Respectfully submitted,

/s/ Michael V. Galo, Jr
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone -- 210.616.9800
Facsimile -- 210.616.9898
mgalo@galolaw.com
ATTORNEYS FOR PLAINTIFFS
MELANIE MASON AND DOLORES MASON

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Defendant's counsel, Ryan Reed, regarding this Motion on October 20, 2022 by forwarding to Mr. Reed an unredacted copy of the attorney fee statement. Since then, I have reminded Mr. Reed to provide me with any objections Defendant may have regarding the proposed fees. To date, I have not heard back from Mr. Reed.

/s/ Michael V. Galo, Jr.
Michael V. Galo, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served on the following counsel of record through the Court's electronic filing system, in accordance with the Federal Rules of Civil Procedure on this 1st day of November 2022.

Mr. Ryan C. Reed
Pulman, Capuccio & Pullen, LLP
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213

/s/ Michael V. Galo, Jr.
MICHAEL V. GALO, JR.