IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELANIE MASON, DOLORES MASON, | § § § | |
| *Plaintiffs,* | § § | SA-21-CV-00368-ESC |
| vs. | § § | |
| HELPING OUR SENIORS, LLC, | § § § | |
| *Defendant.* | § § | |

# **ORDER**

Before the Court in the above-styled cause of action is Plaintiffs' Motion for Attorneys' Fees [#52]. By their motion, Plaintiffs ask the Court to award them $39,249.17 in attorney's fees as the prevailing party in this suit. For the reasons that follow, the Court will grant the motion.

The record reflects that on August 29 and 30, 2022, the parties proceeded before the Court on a bench trial on Plaintiffs' claims of retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). On October 13, 2022, the Court issued its Findings of Fact and Conclusions of Law, concluding that Defendant terminated Plaintiffs in retaliation for conduct protected under Title VII and were entitled to damages and an award of attorney's fees. (FOF and COL [#44].) The Court entered a Final Judgment in favor of Plaintiffs on October 31, 2022, awarding Plaintiff Melanie Mason $2,080.00 in lost wages, $10,000.00 in compensatory damages, and $5,000.00 in punitive damages, and Plaintiff Dolores Mason $51,802.00 in lost wages, $10,000 in compensatory damages, and $5,000.00 in punitive damages. (Final Judgment [#50].) The Court also awarded Plaintiffs costs in the amount of $2,709.95. (*Id.*)

Defendant appealed the judgment to the Fifth Circuit Court of Appeals on November 28, 2022. The Fifth Circuit affirmed the judgment of this Court on September 13, 2023. The Fifth Circuit's mandate was received on October 5, 2023. In light of the conclusion of the appellate proceedings, the Court permitted Plaintiffs to amend their motion to include a request for any fees incurred on appeal and for Defendant to file an amended response. Plaintiffs declined to file an amended motion for fees. Therefore, Plaintiffs' motion for attorney's fees is ripe for the Court's review. After considering Plaintiffs' motion, the response and reply thereto [#53, #54], the record in this case, and the governing law, the Court will grant the motion and award Plaintiffs their requested fees.

Title VII authorizes the award of reasonable attorney's fees to a prevailing party as part of the costs of litigation. 42 U.S.C. § 2000e-5(k). Although such an award is discretionary, the Supreme Court has held that a prevailing plaintiff under Title VII should ordinarily be awarded attorney's fees unless special circumstances would render such an award unjust. *Albermarle Paper Co. v. Moody*, 422 U.S. 405, 412 (1975). This standard favoring the award of fees to prevailing plaintiffs recognizes the strong public interest in having individual Title VII plaintiffs act as private attorneys general. *Id.* at 415. This Court has discretion to determine the reasonableness of the fees. *Tyler v. Union Oil Co. of Calif.*, 304 F.3d 379, 404 (5th Cir. 2002).

Plaintiffs' motion requests attorney's fees in the amount of $39,249.17. Attached to the motion are the billing records of Plaintiffs' attorney Michael V. Galo, Jr., reflecting that Mr. Galo performed 120.77 hours of work on this case from the time he conferred with Plaintiffs on their Texas Workforce Commission proceedings in April 2018 through litigating their Title VII claims to trial and preparing his motion for attorney's fees in October 2022. (Billing Records [#52-1].) Mr. Galo also submitted a declaration to the Court, indicating that he billed Plaintiffs

at the hourly rate of $325.00 for his work on this case, and in the exercise of billing judgment, he deleted some time entries and reduced others.  (Galo Decl. [#52-2], at ¶¶ 1–3.)  Mr. Galo submits to the Court that all hours reflected on the fee statement were both reasonable and necessary to obtain the judgment in Plaintiffs' favor and that any work that arguably could have been duplicative, excessive, or unnecessary has been deleted.  The Court agrees the requested fees are reasonable.

In the Fifth Circuit, the "lodestar method" is performed to determine the reasonableness of attorney's fees.  *See Transamerican Natural Gas Corp. v. Zapata P'ship (In re Fender)*, 12 F. 3d 480, 487 (5th Cir. 1994).  The lodestar method involves two initial steps: (1) determining the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating lawyer; and (2) calculating the lodestar amount by multiplying the reasonable hourly rate by the number of hours reasonably expended.  *Neles-Jamesbury, Inc. v. Bill's Valves*, 974 F. Supp. 979, 985 (S. D. Tex. May 30, 1997) (quoting *Forbush v. J.C. Penney Co.*, 98 F. 3d 817, 821 (5th Cir. 1996)).  The party applying for attorneys' fees bears the burden of establishing the hours expended during the litigation, and that the charged rates are reasonable.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  There is a "strong presumption" that the lodestar is the reasonable fee.  *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006).

After calculating the lodestar, a court then considers whether the lodestar figure should be adjusted upward or downward depending on its analysis of additional factors.  *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995).  These factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant

community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

Mr. Galo's rate of $325.00 per hour is reasonable for a board-certified labor and employment practitioner with decades of experience in the San Antonio Division. Defendant does not object to Mr. Galo's rate. Given Mr. Galo's skill, knowledge, and experience in the area of labor and employment law, the rate of $325.00 is reasonable.

The Court further finds that the amount of time expended on this case is also reasonable. Mr. Galo provided counsel to Plaintiffs over the course of several years, from Plaintiffs' Texas Workforce Commission proceedings to litigating this case from its inception to trial. 120.77 hours for the amount of work performed by Mr. Galo and the results obtained is eminently reasonable.

The only objection lodged by Defendant to the time expended by Mr. Galo on this case are the activities related to Plaintiffs' claims before the Texas Workforce Commission. Defendant argues that the relief sought by Plaintiffs before the Texas Workforce Commission was separate from the relief sought on their retaliation claims litigated before this Court and was therefore not necessary to the results obtained in this forum. Defendant asks the Court to reduce Plaintiffs' requested fee award by $2,637.92. The Court overrules this objection. Plaintiffs can recover fees for the time Mr. Galo expended representing them before the Texas Workforce Commission because his work in these proceedings was both useful and necessary in Plaintiffs' successful prosecution of their claims in this case. *See Green v. Adm'rs of the Tulane Educ.*

4

*Fund*, 284 F.3d 642, 662 (5th Cir. 2002), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 US. 53 (2006) (affirming district court's award of fees in Title VII case for work performed in worker's compensation case); *see also Bobbitt v. Paramount Cap Mfg. Co.*, 942 F .2d 512, 514 (8th Cir. 1991) (holding that prevailing Title VII plaintiff could recover for legal work performed on unemployment compensation claim because "the issue of constructive discharge was central to both the [unemployment] proceeding and [plaintiff's] civil rights claims").

In summary, the Court declines to reduce Plaintiffs' fee request and will award the $2,637.92 in fees associated with Plaintiffs' Texas Workforce Commission proceedings. Additionally, the Court finds the overall lodestar amount to be reasonable, and the undersigned does not recommend increasing or decreasing the lodestar based on any of the *Johnson* factors.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Attorneys' Fees [#52] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded **$39,249.17 in attorney's fees** and Defendant is **ORDERED** to compensate Plaintiffs by providing payment to Plaintiff in the amount of $39,249.17 within thirty days after entry of this award.

SIGNED this 29th day of January, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE